UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN - 7 2019

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES OF AMERICA

v.

DAWNE DORSEY

Defendant.

**Case No. 19-CR-00164 (CKK)**

**VIOLATION:**
**18 U.S.C. § 201(b)(2)(C) (Bribery)**

**STATEMENT OF OFFENSE**

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant DAWNE DORSEY, hereby agree and stipulate as follows:

**BACKGROUND**

**The Tenant Opportunity to Purchase Act**

1. The Tenant Opportunity to Purchase Act ("TOPA") provided tenants living in the District of Columbia with the right of first refusal to purchase their residence should the owner decide to sell the property. Under TOPA, tenants may sell or assign their rights of first refusal to a third party.

2. TOPA required the owner (seller) to provide each tenant a written copy of the Offer of Sale, which contains the asking price and material terms of the sale and a statement that the tenant has the right to purchase the accommodation. The owners must then provide the District of Columbia Department of Housing and Community Development ("DHCD") with a copy of the Offer of Sale containing the asking price and the material terms of the sale, a copy of the ratified third party sale contract (if the owner already entered into one), a certification that the seller provided each tenant with a copy of the Offer of Sale, and a list of tenants (together, the "Offer of

Sale Notice"). The Rental Conversion and Sale Division ("CASD") within DHCD administers the TOPA laws.

3. DHCD had a policy that treated Offer of Sale Notices submitted by property owners pursuant to TOPA as confidential because they contained the names of tenants. As such, DHCD directed its employees to not release or disseminate TOPA Offers of Sale Notices to un-related third parties to real estate transactions. DHCD informed its employees that an un-related third party to real estate transaction could only obtain an Offer of Sale Notice through submitting a Freedom of Information Request ("FOIA") to DHCD. Moreover, when DHCD produced an Offer of Sale Notice in response to a FOIA request, DHCD redacted tenant names and contact information to protect those tenants' privacy.

**The Relevant Parties**

4. Defendant DAWNE DORSEY ("DORSEY") was a District of Columbia employee who worked at DHCD, specifically as a Program Specialist within CASD. Her responsibilities included handling intake of TOPA filings submitted by property owners. As an employee of DHCD, DORSEY was prohibited from disseminating TOPA Offer of Sale Notices to un-related third parties to real estate transactions.

5. BRIAN BAILEY ("BAILEY") was a resident of Upper Marlboro, Maryland. He worked as a realtor and property developer in the District of Columbia and surrounding area.

6. PERSON A was a resident of Maryland. He worked as a realtor in the District of Columbia and surrounding area.

7. PERSON B was a District of Columbia employee who worked at DHCD, specifically as a Program Support Specialist.

**THE BRIBERY SCHEME**

8. Beginning in or about February 23, 2016, and continuing through in or about August 20, 2018, within the District of Columbia and elsewhere, defendant DAWNE DORSEY, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personal, in return being induced to do an act and omit to do an act in violation of her official duty; that is, DORSEY agreed to act in violation of her official duty as a District of Columbia government employee by providing BAILEY and PERSON A with un-redacted TOPA Offer of Sale Notices for property transactions in which BAILEY and PERSON A were not a party. In return for taking these actions, DORSEY accepted from BAILEY over $7,000 in the form of checks and cash, and DORSEY accepted from PERSON A over $1,875 in the form of checks and cash.

**Acts in Violation of an Official Duty**

**a. Payments Accepted from BAILEY**

9. In or around February 2016, PERSON B introduced DORSEY to BAILEY after PERSON B arranged a meeting between BAILEY and DORSEY. During that meeting, ~~PERSON A~~ Person B facilitated an agreement between BAILEY and DORSEY wherein BAILEY agreed to pay DORSEY approximately $500 per month in exchange for DORSEY sending BAILEY un-redacted Offer of Sale Notices.



10. Between in or about February 2016 and in or about August 2018, DORSEY sent BAILEY numerous emails containing un-redacted TOPA Offer of Sale Notices.

11. During that same time period, BAILEY paid DORSEY over $7,000. DORSEY understood that the payments from BAILEY were intended to influence her to violate her legal

duty as a DHCD Program Manager to keep TOPA information confidential. DORSEY accepted the payments intending to be influenced to violate this legal duty.

**b. Payments Accepted from PERSON A**

12. In early 2016, PERSON A offered to pay DORSEY $500 per month in return for receiving Offer of Sale Notices. DORSEY accepted PERSON A's offer.

13. Between in or around March 2016, and in or about May 2018, DORSEY sent PERSON A numerous emails containing un-redacted TOPA Offer of Sale Notices.

14. During that same time period, PERSON A paid DORSEY over $1,875. DORSEY understood that the payments from PERSON A were intended to influence her to violate her legal duty as a DHCD Program Manager to keep TOPA information confidential. DORSEY accepted the payments intending to be influenced to violate this legal duty.

**Limited Nature of Proffer**

This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant or the government, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: ______________________________
MICHAEL J. MARANDO
Assistant United States Attorney
Fraud & Public Corruption Section
United States Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20001

DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I have read every word of this Statement of the Offense, or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 6/7/2019

Dawne Dorsey
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and have reviewed it with my client Dawne Dorsey. I concur in my client's desire to adopt this Statement of Offense as true and accurate.

Date: 6/7/19

Michelle Peterson
Attorney for Dawne Dorsey